■ LINCOLNSHIRE MANAGEMENT, INC., Appellant, v LES GAN- TIERS HOLDINGS B.V. et al., Respondents. [755 NYS2d 391] —Or- der, Supreme Court, New York County (Herman Cahn, J.), entered May 28, 2002, which, in an action to recover a finder's fee, granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.

The motion court correctly dismissed plaintiff's contract cause of action as barred by the statute of frauds (General Obligations Law § 5-701 [a] [1]). Plaintiff's acts after expiration of the written contract's "tail period" are not unequivocally referable to the alleged oral extension of that contract (*see Messner Vetere Berger McNamee Schmetterer Euro RSCG v Aegis Group*, 93 NY2d 229, 235-236 [1999]), and indeed are readily explainable without any reference thereto whatsoever. We have considered and rejected plaintiff's other arguments, including that the statute of frauds does not bar oral modifica- tions of integrated written contracts that do not contain an express prohibition against oral modifications. If the original agreement requires a writing, "a fortiori," so does its modifica- tion (*Intercontinental Planning v Daystrom, Inc.*, 24 NY2d 372, 377, 380 [1969]). Concur—Nardelli, J.P., Andrias, Saxe, Wil- liams and Marlow, JJ.